UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 23-cr-00400(TJK) |
| | : | |
| BRYAN BISHOP, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES OF AMERICA'S MOTION TO FILE UNDER SEAL

The United States of America hereby moves this Court for an order granting the Government permission to file under seal its Government's Amended Opposition to Defendant's Corrected Motion to Modify Pretrial Release Conditions and to file a redacted version on the public docket instead.

1. On August 8, 2023, the defendant was placed on Electronic Monitoring and GPS by Magistrate Judge Snow in the Southern District of Florida.

2. On August 17, 2023, the defendant appeared before Magistrate Judge Upadhyaya for his initial appearance in Washington, D.C. At that hearing the defendant requested to be released on Personal Recognizance and to have the Electronic Monitoring with GPS removed. This request was denied.

3. The defendant filed a motion to modify his pretrial release conditions on October 11, 2023. He filed the present motion, which corrected the initial motion to modify his pretrial release conditions, on October 20, 2023.

The Government maintains that other than GPS monitoring, there is no conditions or combination of conditions which will reasonably assure the defendant's appearance as required and ensure the safety of any other person and the community and that the Court should therefore deny the defendant's motion to modify he pretrial release conditions. In support of its arguments, the Government is relying on information regarding the defendant's mental health that the defendant provided to the probation office.

1

4. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

5. A sealing order will ensure that sensitive mental health information is protected from public disclosure.

**WHEREFORE,** the United States respectfully requests that this Court issue an Order directing the Clerk of the Court place and maintain under seal the Government's Amended Opposition to Defendant's Corrected Motion to Modify Pretrial Release Conditions and that the Clerk of Court instead publicly docket a redacted version of that memorandum.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

By:    /s/ *Holly F. Grosshans*
    Holly F. Grosshans
    Assistant United States Attorney,
    DC Bar No. 900000361
    United States Attorney's Office
    601 D Street, N.W.
    Washington, D.C.  20530
    Phone: (202) 252-6737
    Email:  Holly.Grosshans@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2023 I caused a copy of the foregoing motion to be served on Lionel Andre via the Court's electronic filing system.

                                           */s/ Holly F. Grosshans*
                                           Holly F. Grosshans
                                           Assistant United States Attorney