# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 23-cr-00400(TJK) |
| v. | : | |
| | : | |
| BRYAN R. BISHOP | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S AMENDED OPPOSITION TO DEFENDANT'S CORRECTED MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS

The United States of America, through undersigned counsel, respectfully requests that this Court deny the defendant's motion to modify his pretrial release conditions.

## Charges

Bryan Bishop ("Bishop" or "Defendant") was charged by indictment in this case with six felonies and two misdemeanors: 18 U.S.C. § 231(a)(3) (Civil Disorder); two counts of 18 U.S.C. § 111(a)(1) and (b) (Assaulting, Resisting, or Impeding Certain Officers with a Deadly and Dangerous Weapon and Inflicting Bodily Injury); 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); and 40 U.S.C. § 5104(e)(2)(F) (Engaging in an Act of Physical Violence on Capitol Grounds or Buildings).

## Facts

In addition to the summary below, the government relies on the facts of the defendant's conduct during the attack on the U.S. Capitol set forth in the Statement of Facts filed on August 2, 2023. *See* ECF 1.

On January 6, 2021, at approximately 2:02 p.m., the defendant emerged from a crowd of rioters on the west side of the U.S. Capitol building and aimed a red colored device at a line of law enforcement officers. The defendant then assaulted two law enforcement officers, B.S. and A.A., by spraying them with an orange-colored chemical irritant. The defendant sprayed officer A.A., directly in the face, and then sprayed officer B.S. in the face shield and then aimed at an upward angle in order to spray under B.S.'s face shield and directly into his face.

Shortly thereafter, the defendant entered the Capitol building. When inside the Capitol building the defendant walked in various rooms to include the Rotunda, Statuary Hall, and the Statuary Hall Connector.

## Procedural History

On August 7, 2023, the defendant was arrested in Florida. On August 8, 2023, the defendant had his initial appearance before Magistrate Judge Lurana S. Snow in Key West, Florida. Magistrate Judge Snow set bond at $100,000 PSB, and among other conditions ordered that Bishop be placed on Electronic Monitoring with GPS. Bishop was given an initial appearance date of August 17, 2023, in Washington, D.C. *See* FLSD (23-mj-050101-LSS), ECF 3 (Attachment 1).

On August 17, 2023, Bishop appeared before Magistrate Judge Moxila A. Upadhyaya for his initial appearance in Washington, D.C. The defendant requested to be released on Personal Recognizance and to have the Electronic Monitoring with GPS removed. One of the reasons he stated for needing the GPS removed was so that he could scrape the barnacles off of the bottom of

his boat for maintenance. The defendant was released on Personal Recognizance; however, he was released with several conditions including submitting to location monitoring technology as directed by the pretrial services or supervising officer. The defendant was also ordered to comply with the courtesy supervision of the Southern District of Florida/Key West. *See* ECF 8.

## Argument

### Applicable Authority

Under the Bail Reform Act, if a judicial officer determines that release under two standard conditions (not committing crimes and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1). In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

In determining appropriate condition of release, the judicial officer considers (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; "(2) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g) ("the 3142(g) factors"). The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3). However, the party requesting modification must "establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness." *United States v. Wei Seng Phua*, 2015 WL 127715, at *1 (D. Nev. Jan. 8, 2015).

## Bishop's Motion for Modification Should be Denied

At his initial appearance in Washington, D.C., which was held via zoom on August 17, 2023, Bishop requested that the condition of the GPS monitoring be removed before Magistrate Judge Upadhyaya. At that time, the reason for this request was for the maintenance of his boat and the need to remove barnacles off of the side and bottom of the boat. This request was denied, and the defendant was released with location monitoring technology as directed by pretrial services or a supervising officer. *See* ECF 8.

The defendant filed a motion to modify his pretrial release conditions on October 11, 2023. He filed the present motion, which corrected the initial motion to modify his pretrial release conditions, on October 20, 2023. In this motion, the defendant again claims that he needs to constantly scrape barnacles off of the side and bottom of his boat. (ECF 14, paragraph 8). He further claims that the regular barnacle scrapping maintenance requires the use of scuba equipment and that his wife is unable to conduct this maintenance due to being a novice scuba diver and weak swimmer. (ECF 14, paragraph 8).

As the defendant already requested the GPS monitoring to be removed and this request had been denied, the only changes in circumstances between this motion and the prior request for removal are the defendant's claims that he needs to spearfish for his meals (ECF 14, paragraph 7), and that it is unseasonably warm in Southern Florida this year and he would like the ability to swim to cool off. (ECF 14, paragraph 6).

Additionally, since his release on GPS monitoring, the defendant's response to what was undoubtedly a very difficult time in his life ███████████████████████████████████. Furthermore, the United States (US) Probation Department objects to removal of the GPS Monitoring device.

### Bishop's Argument About His Need to Spearfish is Unpersuasive

In addition to failing to satisfy any of the Section 3142(g) Factors, the defendant's arguments for why he needs to be permitted to personally engage in spearfishing, as opposed to any other type of fishing that doesn't require him to enter into the water, are unpersuasive. The Defendant states that he is seeking modification so that he can spearfish but provides no reason to believe that he will face difficulty, financial or otherwise, acquiring food by fishing by any other means.

### Bishop's Argument About His Need to Swim to Cool-Off is Also Unpersuasive

The defendant's initial condition of GPS monitoring was set by Magistrate Judge Snow, in the Southern District of Florida in August of 2023. According to the Florida Climate Center[1] the mean temperature in Key West in August of 2023 was 87.4 degrees with a +1.9 departure from normal. Certainly, the need to cool off due to warm weather was greater in August than it is in October, as we are entering into winter months.

### Bishop Should Remain Monitored Due to Mental Health Concerns

In addition to the concerns brought to the Courts attention during the initial appearance as to why the defendant should remain on Electronic Monitoring with GPS, the government has become aware of another concern regarding ▮▮▮▮▮▮▮▮▮. The government is relying on information regarding the defendant's ▮▮▮▮▮ that was provided by US Probation Officer of the Southern District of Florida, Justin Wilson. Officer Wilson learned on September 19, 2023, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] https://climatecenter.fsu.edu/products-services/summaries?view=article&id=634

███████████████████████████████████████████████████████

██████████████████████████████████ The government believes that this information is another factor that that weighs in favor of continued GPS monitoring in this case.

### US Probation Objects to Removal of GPS Location Monitoring

On November 30, 2023, the government had an opportunity to speak with US Probation Officer Wilson. For the reasons stated above, Officer Wilson objects to the removal of the GPS Monitoring. The government inquired about other methods of location monitoring. All other methods of location monitoring require a land-line phone, which the defendant does not have, due to his living on a boat.

[*This space intentionally left blank*]

**Conclusion**

In the order permitting the Defendant to be released subject to specific conditions, Judge Upadhyaya ordered that the Defendant submit to location monitoring technology as directed by the pretrial services or supervising officer. Because of the Defendant's role in the riot at the Capitol on January 6, 2021, particularly in his assaulting two different police officers with chemical spray, the United States now requests that that condition of release be enforced and that the defendant's motion for modification of them be denied. Furthermore, the defendant has been unpersuasive in his need to have his modification granted so that he can engage in swimming, scuba diving, and spearfishing. Finally, given the ███████████████████████, there being no other method of location monitoring available to the defendant, and the US Probation Department's objection to the removal of the GPS device, the defendant's motion for modification should be denied.

Respectfully submitted,

DATED: December 13, 2023,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/ Holly F. Grosshans_____
Holly F. Grosshans
Assistant United States Attorney
D.C. Bar No. 90000361
U.S. Attorney's Office for D.C.
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-6737
Email:  Holly.Grosshans@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 13th day of December 2023, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

*/s/ Holly F. Grosshans*
Holly F. Grosshans
Assistant United States Attorney
