UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br>    :  <br>PLAINTIFF,  :  <br>    :  <br>v.   :  Criminal No. 23-cr-0400 (TJK)  <br>    :  <br>BRYAN R. BISHOP,  :  <br>    :  <br>DEFENDANT.  :  <br>    :  | |

**DEFENDANT BRYAN R. BISHOP'S MOTION FOR LEAVE TO FILE UNDER SEAL**

The defendant, Bryan R. Bishop, through counsel, hereby moves this Court for an order granting the Defendant permission to file under seal Defendant Brian R. Bishop's Reply to Government's Amended Opposition to Defendant's Corrected Motion to Modify Pretrial Release Conditions and to file a redacted version on the public docket instead.

1. On August 8, 2023, Mr. Bishop was placed on Electronic Monitoring and GPS by Magistrate Judge Snow in the Southern District of Florida.

2. On August 17, 2023, Mr. Bishop appeared before Magistrate Judge Upadhyaya for his initial appearance in Washington, D.C. At that hearing the defendant requested to be released on Personal Recognizance and to have the Electronic Monitoring with GPS removed. This request was denied.

3. Defendant Bishop filed a motion to modify his pretrial release conditions on October 11, 2023. Mr. Bishop filed the pending motion, which corrected the initial motion to modify his pretrial release conditions, on October 20, 2023.

4. The Government filed Amended Opposition to Defendant's Corrected Motion to Modify Pretrial Release Conditions on December 18, 2023 (ECF 24).

5. Defendant Bryan R. Bishop maintains that the removal of the GPS monitoring device from his ankle is a matter of survival for Mr. Bishop, who is an indigent Veteran. Mr. Bishop has

been compliant with every pre-trial condition imposed on him. There surely are other conditions or combination of conditions which will reasonably assure the Mr. Bishop's appearance as required and ensure the safety of any other person and the community and that the Court should therefore approve the defendant's motion to modify the pretrial release conditions. In support of his arguments, Mr. Bishop will be relying on information concerning his military and medical records that he shared with the Government.

As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 290 (*quoting Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

6. On December 15, 2023, the Court granted a sealing Order for the Government's Opposition. (*See* ECF Nos. 23, and 24). A sealing order for Mr. Bishop's Reply will ensure that sensitive health information concerning Mr. Bishop medical records is protected from public disclosure.

WHEREFORE, Mr. Bishop respectfully requests that this Court issue an Order directing the Clerk of the Court place and maintain under seal Defendant Bryon R. Bishop's Reply to Government's Amended Opposition to Defendant's Corrected Motion to Modify Pretrial Release Conditions and that the Clerk of Court instead publicly docket a redacted version of that memorandum.

Respectfully submitted,
SECIL Law PLLC

By:   /s/ Lionel André
Lionel André,
DC Bar No. 422534
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006
Phone: 703.232.4622

Email: landre@secillaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, I caused a copy of the foregoing motion to be served on Holly F. Grosshans via the Court's electronic filing system.

/s/ Lionel André
Lionel André